**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C § 1983**

Name ___Rucker___    ___David___    _____
    (Last)    (First)    (Initial)

Prisoner Number ___P-29892___

Institutional Address ___P.O. Box 689 DW-113U___
_____Soldad, Ca 93960_____

RECEIVED
JUN - 9 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
JUN 12 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

================================================================

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

___In Re Andre' Boston___
(Enter the full name of plaintiff in this action.)

      vs.

___Ben Curry, Warden___

_____

_____

_____
(Enter the full name of the defendant(s) in this action)

CV 08     Case No. ___2933___
(To be provided by the clerk of court)

**COMPLAINT UNDER THE**
**CIVIL RIGHTS ACT,**
**42 U.S.C §§ 1983**

JSW

E-filing

(PR)

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    Exhaustion of Administrative Remedies

    [**Note:** You must exhaust your administrative remedies before your claim can go

    forward. The court will dismiss any unexhausted claims.]

    A.    Place of present confinement ___Correctional Training Facility___

    B.    Is there a grievance procedure in this institution?

            YES (X)    NO ( )

    C.    Did you present the facts in your complaint for review through the grievance

    procedure?

            YES(X)    NO ( )

    D.    If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT    - 1 -

1   each level of review. If you did not pursue a certain level of appeal, explain why.

2   1. Informal appeal   Petitioner's initally submitted on July 21, 2006

3   It was bypassed to the frist level on the same day.

4

5   2. First formal level   Submitted on July 21, 2006, Denied on September

6   25, 2006

7

8   3. Second formal level   Submitted on October 25, 2006, denied on

9   November 28, 2006

10

11   4. Third formal level   Submitted December 22, 2006, denied on

12   March 16, 2007   (Continue on attached pages)
                            entitled Level of Reveiw **5**

13

14   E.   Is the last level to which you appealed the highest level of appeal available to you?

15        YES ( )     NO (X)

16   F.   If you did not present your claim for review through the grievance procedure, explain

17   why._____n/a_____

18

19

20   II.   Parties

21   A.   Write your name and your present address. Do the same for additional plaintiffs, if any.

22   See attached pages entitled Parties ↳

23

24

25   B.   Write the full name of each defendant, his or her official position, and his or her place of

26        employment.

27   Ben Curry, Warden, Correctional Training Facility

28   see attached pages entitled Defendants   ↳

COMPLAINT                          - 2 -

1

2

3

4  III.    Statement of Claim

5        State here as briefly as possible the facts of your case. Be sure to describe how each

6  defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any

7  cases or statutes. If you have more than one claim, each claim should be set forth in a separate

8  numbered paragraph.

9        (See attached pages entitled Statemant of Claims)   7

10

11

12

13

14

15

16

17

18

19

20

21

22  IV.    Relief

23        Your complaint cannot go forward unless you request specific relief. State briefly exactly what

24  you want the court to do for you. Make no legal arguments; cite no cases or statutes.

25        (See attached pages entitled Request for Relief) 1D

26

27

28

COMPLAINT                           - 3 -

1

2

3

4    I declare under penalty of perjury that the foregoing is true and correct.

5

6    Signed this _____5_____ day of ___June___, 20_08_

7

8

9                    (Plaintiff's signature)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                  - 4 -

## Levels Of Review

On August 31, 2006, Petitioners submitted appeal number two , the appeal was bypassed to the second level review on September 30, 2006.

On October 19 ,2006, the appeal was denied at the second level review. On November 9, 2006, petitioners requested a Director's Level (Departmental) review of their appeal. On January 23, 2007,the appeal was denied at the Director's Level, and thus constitutes an exhaustion of petitioners administrative remedies.

On April 11, 2007, petitioners filed a petition for writ of habeas corpus with the Monterey County Superior Court. On June 8, 2007, the court issued an order to show cause. On August 30, 2007, the order dismissing petitioner's petition was received from the Monterey County Superior Court.

On October 11, 2007, petitioners filed their petition in the Court Of Appeals, Sixth Appellate District. On October 31, 2007 the petition was denied. On November 8, 2007, petitioners filed in the Supreme Court of the State of California a petition for review on their petition for writ of habeas corpus. On January 16, 2008, petition for review was denied. Based upon the foregoing, petitioner's have fully exhausted all of their Administrative and State remedies, and the claims presented are for this court's jurisdiction.

(5)

**PARTIES**

Plaintiffs:

D.Rucker P29892

MAC Chairman

CTF-Central Facility

P.O. Box 689 DW-113U

**DEFENDANTS**

Defendants:

Ben Curry, Warden

Correctional Training Facility

Colleen Noll, Chief Deputy Warden

CTF-Central Facility

Pat Barker, Former Chief Deputy Warden,

Correctional Training Facility

J.Sisk Former Asso.Warden

CTF-Central Facility

Anthony Kane, Associate Director

California Department of Corrections

1

STATEMENT OF CLAIMS

2    Petitioners are members of the Men's Advisory Council (MAC)

3  Executive Body for CTF-Central Facility.  The MAC is a group of

4  selected inmates who are elected by the general population to

5  represent the interest of their constituents.  The MAC operates

6  under its locally approved Constitution and By-laws. The MAC is

7  comprised of a General Council and Executive Body positions.  The

8  General Council elects from their membership the members that

9  will occupy the Executive Body positions.  The Executive Body

10 members represent the interests of the General Council and the

11 general population.

12    Petitioners contend that pursuant to the provisions of CCR

13 Title 15 §3230, they have and maintain the departmental right as

14 outlined by regulations to represent the interests of the general

15 population at this facility.

16    CTF is a prison in the CDCR located in Soledad, California.

17 This prison is a multi-facility institution that currently houses

18 inmates of several security levels, according to their

19 classification scores and custody requirements.  CTF Central

20 Facility houses approximately 2,828 general population inmates

21 who have a classification score appropriate for housing level II

22 inmates.  Among the general population there are approximately

23 550 (or more) inmates with classification scores appropriate for

24 level II housing who are designated as Close B Custody inmates.

25    Petitioners contend that by the respondents not following

26 administrative rules and regulations, they are violating Close B

27 Custody inmates due process and equal protection rights under the

28                              (7)

1  Constitution of the United States.  Petitioners contend that
2  respondents have a duty to follow their own administrative rules
3  and regulations.  All CDCR "regulations, as that word is defined
4  by statue in the indicated government code must be created and
5  approved in accordance with the requirements of the state
6  Administrative Procedures Act (APA)."  It is also defined as a
7  rule, regulation, order or standard of general application
8  adopted by any agency.

9      It is well established that an administrative regulation has
10  the force of law and is binding on the issuing agency.
11  Petitioners further contend that California courts have ordered
12  the CDCR to comply with its rules, even when CDCR preferred not
13  to because of the benefit resulting to the inmate population.  By
14  not following these administrative regulations, that have the
15  force of law, CDCR is essentially violating petitioners' due
16  process rights granted to them through the Constitution of the
17  United States.  Petitioners contend that the population of Close
18  B Custody inmates at CTF-Soledad are continuing to have
19  violations of their Fourteenth Amendment under equal protection
20  and due process.

21      Petitioners contend that the respondents have utilized the
22  language placed in a local procedure as a basis to apply
23  selective interpretation of the applicable regulatory authority.
24  Based upon the respondents' selective interpretation and
25  compliance with the applicable regulatory authority, CTF's Close
26  B Custody inmates are not being allowed full access to the
27  recreation yard, and not being allowed full access to program
28                              (8)

1  assignments that are allowed at all other designated level two

2  facilities in CDCR.   Petitioners contend that under the

3  Fourteenth Amendment equal protection clause forbids states to

4  treat one group, including groups of prison inmates, arbitrarily

5  worse than another.

6     The equal protection clause essentially required that all

7  persons similarly situated be treated alike.   The equal

8  protection violations occurs when government treats someone.

9  differently than another who is similarly situated.   Petitioners

10  contend that this same equal protection clause is outlined in

11  CDCR's own regulations.   CCR Title 15 §3230 (c)(5): "No inmate or

12  group of inmates shall be granted privileges not equally

13  available to other inmates of the same custody classification and

14  assignment who would otherwise be eligible for the same

15  privileges.   CTF Close B Custody inmates are not being allowed·

16  full access to programming that other Close B Custody inmates in

17  CDCR are receiving.   By not receiving these privileges CTF Close

18  B Custody inmates Fourteenth Amendment is being violated under

19  equal protection.

20     For the reasons stated above, petitioners are entitled to a

21  declaration of the rights and are entitled to the full program.

22  assignments and activities for Close Custody inmates designated

23  by the provisions outlined in CDCR's own regulations.   (For a

24  more detailed argument see Habeas Corpus Petition Attached)

25  //

26

27

28                              (9)

## REQUEST FOR RELIEF

Petitioners are without remedy, save for habeas corpus in this matter.    Accordingly, petitioners request that this court:

1). Issue and grant a writ of habeas corpus;

2). Declare the rights of the parties;

3). Order the respondents to fully comply with all applicable departmental regulations pertaining to Close B Custody program activities and assignments in a designated Level II Facility;

4). Order the respondents to implement forthwith the immediate necessary procedures to initiate full access for Close B Custody inmates program assignments and activities between the hours of 0600 and 2000 in all areas located within the facility security perimeter including beyond the work change as authorized by Departmental regulations;

5). Order the respondents to forthwith and immediately implement the necessary procedures to initiate access for Close B Custody to limited activities after 2000 hours in a designated housing unit located within the facility's security perimeter as defined by CDCR.

6). Appoint counsel for the representation of this case; and

7). Grant any and all other relief found necessary or appropriate.

I do hereby declare by my signature below that I am one of the petitioner's in this action.    I have read the foregoing Petition for Writ of Habeas Corpus and the facts stated therein are true

(10)

of my own knowledge, except as to matters that are stated on my own information and belief, and as to matters I believe them to be true.  I declare under the penalty of perjury that the foregoing is true and correct and that this  verification was executed on the indicated date at the Correctional Training Facility, Soledad, California.

Date: _____     /S/_____

David Rucker

Petitioner, Pro-Se

Court of Appeal, Sixth Appellate District - No. H032161
**S158104**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re ANDRE BOSTON et al., on Habeas Corpus

The petition for review is denied.

SUPREME COURT
**FILED**

JAN **1 6** 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice

Court of Appeal, Sixth Appellate District - No. H032161
**S158104**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re ANDRE BOSTON et al., on Habeas Corpus

The petition for review is denied.

**SUPREME COURT**
**FILED**

JAN **1 6** 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice

Court of Appeal, Sixth Appellate District - No. H032161
**S158104**

# IN THE SUPREME COURT OF CALIFORNIA

SUPREME COURT
FILED

DEC 3 1 2007

Frederick K. Ohlrich Clerk

In re ANDRE BOSTON et al., on Habeas Corpus

Deputy

The time for granting or denying review in the above-entitled matter is hereby extended to and including February 11, 2008 or the date upon which review is either granted or denied.

*Chief Justice*

David Rucker P-29892

P.O. Box 689 DW-113UP

Soledad, Ca 93960

Petitioner, Pro-Se

IN THE SUPREME COURT

OF THE STATE OF CALIFORNIA

In re Andre' Boston, et. al. )     Case No. ....................
        Petitioner          )
                            )
v.                          )     Court of Appeal No. H032161
                            )
Ben Curry, Warden,          )     Superior Court No. 98F04631
        Respondent          )
.............................)

PETITION FOR REVIEW

## TABLE-OF-CONTENTS

Table of Authorities                                              ii

Petition for Review                                               1

Necessity for Review                                             1

Question Presented                                              2

Statement of Case and Facts                                    2

Argument                                                        2

    The Correctional Training Facility (CTF)
are "not" following California Regulatory
Authority provision of CCR Title 15 §3377.1
Entitling Close B Custody inmates to the full
Program Assignments and Program Activities

Conclusion                                                      3

1

## TABLE OF AUTHORITIES

Cases,

2

UNITED STATES V. NIXON (1974) 418 U.S.                    1

3

ATKINS v. RIVERA (1986) 477 U.S.                          2

4

AGRICULTURAL LABOR RELATION BOARD v.
5    SUPERIOR COURT (1976) 16 Cal.                            2

6    Other Authorities

7    California Rules Of Court                                1

8         Rule 29 (a)

9    California Code of Regulations Title 15                  1

10        CCR Title 15 §3377.1

11   State Administrative Act (APA)                           1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PETITION FOR REVIEW

### TO THE HONORABLE RONALD M. GEORGE, CHIEF
### JUSTICE, AND THE HONORABLE ASSOCIATE JUSTICES
### OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:

Appellant's and Petitioners Andre' Boston, David Rucker, Robert Nydegger, Craig Gerstner, Michael Comeaux, David Moreno, and Adam Vasquez respectfully petition this court to grant and hold review in the above-entitled matter. Petitioner Bosyon was unavailable to sign this document because of his placement in Administrative Segregation. On October 31, 2007, the Court of Appeals, Sixth Appellate District, denied Petitioners' argument that the Correctional Training Facility (CTF) is "not" following California Regulatory Authority provision of CCR Title 15 §3377.1 entitling Close B Custody inmates to full program assignments and program activities. (See exhibit A) Petitioners did not seek a petition for rehearing.

### NECESSITY FOR REVIEW

Pursuant to California Rules of Court, Rule 29 (a), Petitioners raise issues that present important question of law. Because these issues are binding by CDCR regulations according to the definition of this word as defined by statue in the government code  and approved in accordance with the requirements of the state Administrative Act (APA).

It is also well established that an administrative regulation has the force of law and is binding on the issuing agency. **United States v. Nixon (1974) 418 U.S. 683,695-696[ 94 S.Ct.**

1

3090; 41 L.Ed.2d1039]; **Atkins v. Rivera** (1986) 477 U.S. 154[106
S.Ct. 2456; 91 L.Ed.2d 131]; **Agricultural Labor Relations Board**
**v. Superior Court** (1976) 16 Cal.3d. 392, 401 [128 Cal.Rptr.183]
(**Petitioners request the court to see the Habeas petition**
**attached for more information**)

### QUESTION - PRESENTED

For the purposes of this petition, Petitioners adopt and
incorporate by reference the questions presented in the habeas
petition. (See attached petition pages 6-7 )

### STATEMENT - OF - THE - CASE - AND - FACTS

For the purposes of this petition, Petitioners adopt and
incorporate by reference the procedural and factual statements
presented in the habeas petition. ( See attached petition pages
1-6 )

### ARGUMENT

For the purposes of this petition, Petitioners adopt and
incorporate by reference the issues argued in the habeas
petition. (See attached petition pages 10-25 )

//

1

<u>CONCLUSION</u>

2    For the reasons stated, petitioners request that this

3  honorable Court grant and hold review.

4

5                                    Respectfully submitted,

6  Date: _11-08-07_          /s/ _____
                                  David Rucker
7                                 Petitioner, Pro-Se

8  Date: _11-08-07_          /s/ _____
                                  Robert Nydegger
9                                 Petitioner, Pro-Se

10 Date: _11-08-07_          /s/ _____
                                  Craig Gersner
11                                Petitioner, Pro-Se

12 Date: _11-08-07_          /s/ _____
                                  Michael Comeaux
13                                Petitioner, Pro-Se

14 Date: _11-08-07_          /s/ _____
                                  David Moreno
15                                Petitioner, Pro-Se

16 Date: _11-8-07_           /s/ _____
                                  Adam Vasquez
17                                Petitioner, Pro-Se

18

19

20

21

22

23

24

25

26

27

28

H032161

David Rucker
CDC:P-29892
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

Party Role Code:  pet



# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT



OCT 3 1 2007

MICHAEL J. YERLY, Clerk

By _____

DEPUTY

In re ANDRE BOSTON et al.,

on Habeas Corpus.

H032161
(Monterey County
Super. Ct. No. HC5668)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)

Dated    **OCT 3 1 2007**      **PREMO, J.**    Acting P.J.

MC–275

Name  Andre' Boston

Address  CTF-Central Facility

P. O. Box 689

Soledad, California 93960-0689

CDC or ID Number  D-03868

David Rucker

CTF-Central Facility

P. O. Box 689

Soledad, CA 93960-0689

P-29892

IN THE CALIFORNIA COURT OF APPEALS

SIXTH APPELLATE DISTRICT

(Court)

| Andre' Boston, David Rucker, et. al., |
| Petitioner |
| vs. |
| Ben Curry, Anthony Kane, et. al. |
| Respondent |

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC–275

**This petition concerns:**

☐ A conviction      ☐ Parole

☐ A sentence      ☐ Credits

☒ Jail or prison conditions      ☐ Prison discipline

☐ Other (specify):

     Andre' Boston, David Rucker, Robert Nydegger, Adam Vasquez,

1. Your name:    Michael Comeaux, David Moreno, Craig Gerstner, et. al.,

2. Where are you incarcerated? Correctional Training Facility, Soledad, California

3. Why are you in custody? ☐   Criminal Conviction ☐   Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

     Not applicable, this petition only addresses a conditions of confinement

     issue and not the legality of a sentence/conviction in any way.

b. Penal or other code sections:   Not Applicable

c. Name and location of sentencing or committing court:    Not Applicable

d. Case number:    Not Applicable

e. Date convicted or committed:   Not Applicable

f. Date sentenced:    Not Applicable

g. Length of sentence:    Not Applicable

h. When do you expect to be released?    Not Applicable

i. Were you represented by counsel in the trial court?    ☐ Yes.    ☐ No. If yes, state the attorney's name and address:
   Not Applicable

4. What was the LAST plea you entered? *(check one)*

☐ Not guilty ☐ Guilty ☐ Nolo Contendere ☐ Other:    Not Applicable

5. If you pleaded not guilty, what kind of trial did you have?

☐ Jury ☐ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

## 6. GROUNDS FOR RELIEF

**MC–275**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

SEE ATTACHED PETITION FOR WRIT OF HABEAS CORPUS FOR CLARIFICATION

OF GROUNDS RAISED

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

SEE ATTACHED PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS

AND AUTHORITIES FOR CLARIFICATION OF RELEVANT FACTS.

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

SEE ATTACHED PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS

AND AUTHORITIES FOR CLRAIFICATION OF SUPPORTING CASES, RULES, ETC..

7. **Ground 2 or Ground** _____ *(if applicable):*                                    MC–275

SEE ATTACHED PETITION FOR WRIT OF HABEAS CORPUS

a. Supporting facts:

SEE ATTACHED PETITION FOR WRIT OF HABEAS CORPUS

b. Supporting cases, rules, or other authority:

SEE ATTACHED PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS

AND AUTHORITIES

MC-275

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☐ No.  If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
      Not Applicable

   b. Result    Not Applicable                                    c. Date of decision:  Not Applicable

   d. Case number or citation of opinion, if known:    Not Applicable

   e. Issues raised: (1)    Not Applicable

      (2)              Not Applicable

      (3)              Not Applicable

   f. Were you represented by counsel on appeal?  ☐ Yes.  ☐ No. If yes, state the attorney's name and address, if known:
      Not Applicable

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☐ No.  If yes, give the following information:

   a. Result    Not Applicable                                    b. Date of decision: Not Applicable

   c. Case number or citation of opinion, if known:  Not Applicable

   d. Issues raised: (1)    Not Applicable

      (2)              Not Applicable

      (3)              Not Applicable

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal,
    explain why the claim was not made on appeal:

    Not Applicable

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust
       administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975)
       52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such
       review:

    PETITIONERS HAVE EXHAUSTED ADMINISTRATIVE REMEDIES THROUGH THE

    DEPARTMENT OF CORRECTIONS (SEE ATTACHED PETITION FOR WRIT OF

    HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES CONTENTION

    I.)

    b. Did you seek the highest level of administrative review available?  ☒ Yes.  ☐ No.
       *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, **MC-275** commitment, or **issue** in any court?   ☒ Yes. If yes, continue with number 13.   ☐ No. If no, skip to number 15.

13. a. (1) Name of court:   MONTEREY COUNTY SUPERIOR COURT

    (2) Nature of proceeding (for example, "habeas corpus petition"): HABEAS CORPUS PETITION

    (3) Issues raised: (a)   SAME AS PRESENTED IN THIS PETITION FOR HABEAS CORPUS

       (b)           SAME AS PRESENTED IN THIS PETITION FOR HABEAS CORPUS

    (4) Result (Attach order or explain why unavailable):   DENIED   (SEE EXHIBIT S)

    (5) Date of decision:   August 30, 2007

  b. (1) Name of court:   Not Applicable

    (2) Nature of proceeding: Not Applicable

    (3) Issues raised: (a)   Not Applicable

       (b)           Not Applicable

    (4) Result (Attach order or explain why unavailable):   Not Applicable

    (5) Date of decision:   Not Applicable

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

    Not Applicable no hearing was conducted

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

    THERE IS NO DELAY IN THE PRESENTATION OF THE CLAIMS ( SEE ATTACHED

    PETITION FOR WRIT OF HABEAS CORPUS & MEMORANDUM OF POINTS & AUTHORITIES)

16. Are you presently represented by counsel?   ☐ Yes.   ☒ No. If yes, state the attorney's name and address, if known:
    Not Applicable

17. Do you have any petition, appeal, or other matter pending in any court?   ☒ Yes.   ☐ No. If yes, explain:
    HABEAS CORPUS PETITION FOR UNRELATED ISSUES SURROUNDING OTHER CONDITIONS

    OF CONFINEMENT NOT RELEVANT TO THE PRESENT CLAIMS

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
    THIS COURT HAS JURISDICTION (SEE ATTACHED PETITION)

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date:   10-11-07

▶ _____ Et. al.,
(SIGNATURE OF PETITIONER)

10-11-07

Andre' Boston                          David Rucker
D-03868 EW-236L                        P-29892 DW-113U
P.O. Box 689                           P.O. Box 689
Soledad, CA 93960-0689                 Soledad, CA 93960-0689
Petitioner, Pro-Se                     Petitioner, Pro-Se


## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SIXTH APPELLATE DISTRICT

In re Andre' Boston, et. al., )        2d Crim. No. _____
                              )        (Sup. Ct. No. HC 5668)
           Petitioner,        )
                              )        PETITION FOR WRIT OF
On Habeas Corpus._____)        HABEAS CORPUS


Date: __10/10/07__                     /S/ _____
                                       Andre' Boston
                                       Petitioner, Pro-Se

Date: __10/10/07__                     /S/ _____
                                       David Rucker
                                       Petitioner, Pro-Se

Date: __10/10/07__                     /S/ _____
                                       Robert Nydegger
                                       Petitioner, Pro-Se

Date: __10/10/07__                     /S/ _____
                                       Adam Vasquez
                                       Petitioner, Pro-Se

Date: __10/10/07__                     /S/ _____
                                       Michael Comeaux
                                       Petitioner, Pro-Se

Date: __10/10/07__                     /S/ _____
                                       David Moreno
                                       Petitioner, Pro-Se

Date: __10/10/07__                     /S/ _____
                                       Craig Gerstner
                                       Petitioner, Pro-Se

I.

**TOPICAL INDEX**

PAGE(S)

**PETITION**                                                                    1 - 8

**VERIFICATION**                                                                9

**ARGUMENT AND POINTS AND AUTHORITIES**

I.    PETITIONERS HAVE EXHAUSTED THEIR ADMINISTRATIVE
      REMEDIES.                                                                 10

II.   PETITIONERS ASSERT THAT RESPONDENT HAVE A DUTY TO
      FOLLOW ADMINISTRATIVE RULES AND REGULATION.                              12

III.  PETITIONERS CONTEND THAT THEY HAVE A RIGHT CONVEYED
      CALIFORNIA REGULATORY AUTHORITY CODIFIED IN CCR, TITLE
      15 § 3230 TO REPRESENT THE INTERESTS OF THE GENERAL
      POPULATION AT CTF.

IV.   PETITIONERS CONTEND THAT THE CCR, TITLE 15 § 3377.1
      ENTITLE CLOSE B CUSTODY INMATES TO THE FULL PROGRAM
      ASSIGNMENTS AND ACTIVITIES BETWEEN THE HOURS OF 0600
      AND 2000 HOURS AS MANDATED IN THE REGULATORY PROVISIONS.   14

V.    PETITIONERS CONTEND THAT THE CCR, TITLE 15 § 3377.1
      ENTITLE CLOSE B CUSTODY INMATES TO LIMITED ACTIVITIES
      IN A DESIGNATED HOUSING UNIT LOCATED WITH THE FACILITY
      SECURITY PERIMETER.                                                       15

VI.   PETITIONERS CONTEND THAT RESPONDENTS HAVE APPLIED A
      SELECTIVE INTERPRETATION OF APPLICABLE REGULATORY
      AUTHORITY AND HAVE REFUSED TO COMPLY WITH THE FULL
      PROVISION OF CCR, TITLE 15 § 3377.1, AS OUTLINED THEREIN. 16

VII.  RESPONDENTS HAVE VIOLATED DEPARTMENTAL POLICY BY HAVING
      A SUBORDINATE RESPOND TO THE ACTION OF A SUPERIOR
      OFFICIAL.                                                                 20

VIII. PETITIONERS CONTEND THAT THE SUPERIOR COURT ABUSED ITS
      DISCRETION AND ERRED IN DENYING THE PETITION FOR WRIT
      OF HABEAS CORPUS.                                                         21

**CONCLUSION**                                                                 25

II.

TABLE OF AUTHORITIES

| Authority | Page(s) |
|---|---|

**Federal Case(s)**

Atkins v. Rivera (1986) 477 U.S. 154 [106 S.Ct. 2456]
91 L.Ed. 2d. 131                                    12

United States v. Nixon (1974) 418 U.S. 683, 695, 696
[94 S.Ct. 3090];42 L.Ed.2d 1039    12
//

**State Case(s)**

Agricultural Labor relations Board v. Superior Court (1976)
16 Cal.3d. 392, 401 [128 Cal. Rtpr. 183]    12

In Re Clark (1993) 5 C4th 750, 778 n.7, [21 CR2d 509]    6

In Re Davis (1979) 25 Cal.3d. 384, [159 Cal.Rptr. 384]    11

In Re Dexter (1979) 25 Cal.3d 921, 925 [160 Cal. Rptr.118]    10

In Re Harrel (1970) 2 Cal.3d. 675, [87 Cal. Rptr. 504]    11

In Re Hochberg (1970) 2 C3d 870, 87 CR 681    6

In Re Muszalski (1975) 52 Cal.App.3d 500, 503
[125 Cal. Rptr. 286]    10

In Re Reina (1985) 171 Cal.App.3d 638, [217 Cal. Rptr.535]    12

In Re Strick (1983) 148 Cal.App.3d 906, 911
[196 Cal. Rptr. 293]    10

Tooma v. Rowland (Toulumne County Superior Court,
Feb. 6, 1991) case no. 32735    12

Union of the American Physician and Dentists v. Kizer
(1990) 223 Cal.App.3d 490 [272 Cal. Rptr. 886]    12
//

**California Government Code**

Government Code § 11342    12

**California Code of Regulations, (CCR) Title 15**

| | |
|---|---|
| CCR, Title 15 § 3000 | 14, 17 |
| CCR, Title 15 § 3000.5 | 15 |
| CCR, Title 15 § 3084.5 (e) | 20 |
| CCR, Title 15 § 3230 | 13 |
| CCR, Title 15 § 3377.1 | 4, 5, 14, 15, 16 |

**CDCR, Department Operations Manual (D.O.M.)**

DOM § 51020.1    18

III.

Andre' Boston
D-03868 EW-236L
P.O. Box 689
Soledad, CA 93960-0689
Petitioner, Pro-Se

David Rucker
P-29892 DW-113U
P.O. Box 689
Soledad, CA 93960-0689
Petitioner, Pro-Se


### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Andre' Boston, et. al., ) | 2d Crim. No._____ |
| ) | (Sup. Ct. No. HC 5668) |
| **Petitioner,** ) | |
| ) | **PETITION FOR WRIT OF** |
| On Habeas Corpus._____) | **HABEAS CORPUS** |


### PETITION FOR WRIT OF HABEAS CORPUS

**TO THE HONORABLE PRESIDING JUSTICE AND ASSOCIATE JUSTICES OF THE
COURT OF APPEAL OF THE STATE OF CALIFORNIA, SIXTH APPELLATE
DISTRICT:**

     Comes now Petitioners, Andre' Boston, David Rucker, Robert
Nydegger, Adam Vasquez, Michal Comeaux, David Moreno, Craig
Gerstner, et. al., under Pro-Se status and hereby petitions this
Honorable Court for a Writ of Habeas Corpus and by this verified
petition states as follows:

IV.

Andre' Boston

David Rucker

D-03868   EW-236L

P-29892 DW-113U

P.O. Box 689

P.O. Box 689

Soledad, CA  93960-0689

Soledad, CA  93960-0689

Petitioner , et. al., Pro-Se

Petitioner, et. al., Pro-Se

### IN THE CALIFORNIA COURT OF APPEAL

### SIXTH APPELLATE DISTRICT

In Re Boston, et. al.,                      )          Case No._____

Petitioner(s)                               )          Petition For Writ of Habeas Corpus

On Habeas Corpus                            )

### I.

### INTRODUCTION

1.  Petitioners, Andre' Boston, David Rucker, Robert Nydegger, Craig Gerstner, Michaeal Comeaux, David Moreno, and Adam Vasquez are members of the Men's Advisory Council (hereinafter referred to as the MAC or IAC) Executive Body at the Correctional Training Facility (hereinafter referred to as CTF) Central Facility, located in Soledad, California. For the purposes of this "instant" petition, petitioners do not contest in any way the legality of their confinement, restraint and/or sentence(s) within CDCR. This petition for writ of habeas corpus is being submitted as a class action, on behalf of the general population at CTF to contest "conditions of confinement". While performing their duties as duly elected MAC Executive Body members for the general population at their facility, petitioners observed that CTF was not in compliance with the regulatory authority provisions outlined in **California Code of Regulation, Title 15 (hereinafter referred to as the CCR, Title 15)** § 3377.1 regarding program assignments and activities for Close B Custody inmates housed at CTF. Petitioners requested review and compliance with the applicable regulationsby the prison administration. The prison administration has repeatedly refused to comply with the applicable regulations.

2.  Petitioners maintain the respondents have a duty to follow administrative regulations

1

1   enacted and established by the department. Petitioners further contend that the respondents have

2   acted contrary to several regulations of the California Department of Corrections and Rehabilitation

3   (hereinafter referred to as CDCR/Department) and that some of these acts have violated petitioner's

4   rights.

5                                              II.

6                                           **PARTIES**

7          3. Petitioner Andre' Boston, is a prisoner presently incarcerated at the Correctional Training

8   Facility.

9          4. Petitioner David Rucker is a prisoner presently incarcerated at the Correctional Training

10  Facility.

11         5. Petitioner Robert Nydegger is a prisoner presently incarcerated at the Correctional

12  Training Facility.

13         6. Petitioner  Adam Vasquez is a prisoner presently incarcerated at the  Correctional

14  Training Facility.

15         7. Petitioner Michael Comeaux is a prisoner presently incarcerated at the Correctional

16  Training Facility.

17         8. Petitioner David Moreno is a prisoner presently incarcerated at the Correctional Training

18  Facility.

19         9. Petitioner Craig Gerstner is a prisoner presently incarcerated at the Correctional Training

20  Facility.

21         10. Respondent Ben Curry is the Warden at the Correctional Training Facility and is the

22  custodian of petitioners. This respondent is also responsible for program assignments and activities

23  for inmates at CTF.

24         11. Respondent Anthony Kane, is currently the California Department of Corrections and

25  Rehabilitation's Associate Director for general population Level II and Level III inmates. At the

26  times herein mentioned this respondent was the Acting Warden of the Correctional Training Facility

27  and legal custodian of petitioners.

28         12. Respondent Pat Barker is the former Chief Deputy Warden of the Correctional Training

                                               2

1    Facility. This respondent in her official capacity at all times mentioned herein was in charge of

2    program·assignments and activities for inmates at CTF.

3    13. Respondent Colleen Noll, is currently the Chief Deputy Warden of CTF-Central

4    Facility and this respondent in her official capacity at all times mentioned herein has been in -

5    charge of program assignments and activities for inmates at CTF.

6    14. Respondent J. Sisk, is currently the Associate Warden for Central Facility. At times

7    herein mentioned this respondent has been the Associate Warden for Central Facility at CTF and the

8    designated Coordinator for the MAC. This respondent assists with the petitioners coordinating their

9    daily MAC activities and acts as the administrative liaison between the MAC and the prison

10   administration. :

11   //

12   ## III.

13   ## STATEMENT OF THE FACTS

14   15. CTF is a prison in the CDCR located in Soledad, California. This prison is a multi-

15   facility institution that currently houses inmates of several security levels according to their

16   classification scores and custody requirements.

17   16. CTF-Central Facility houses approximately 2828 general population inmates who have

18   a classification score appropriate for housing Level II inmates.                     -

19   17. Among the general population there are approximately 550 (or more) inmates with

20   classification scores appropriate for Level II housing who are designated as Close B Custody

21   inmates.

22   18. Petitioners are members of the MAC Executive Body for CTF- Central Facility. The

23   MAC is a group of inmates who are duly elected by the general population to represent the interest

24   of their constituents. The MAC operates under its locally approved Constitution and By-Laws. The

25   MAC is comprised of a General Council and Executive Officer positions which are Executive Body

26   positions. The General Council elects from their membership, the Council members who will

27   occupy Executive Body positions. The Executive Body members represent both the interests of the

28   General Council and the general population.

3

1    19.  The applicable California Regulatory Authority outlined in **CCR, Title 15 § 3377.1**

2    contains the Departmental Policy for program assignments and activities of all Close B Custody

3    inmates housed in the CDCR.  This regulation governs the program assignments and activities of

4    all Close B Custody inmates housed within CDCR institutions.

5    20.  CTF's local Operations Procedure (hereinafter referred to as OP) for Close B Custody

6    program assignments and activities is OP #34 .  The language of this local OP permits Close B

7    Custody inmates access to assignments and activities between the facility's East and West Gates,

8    based upon a clause which establishes a superficial and unauthorized definition of a "Facility

9    Security Perimeter."  This definition conflicts with the definition contained in the applicable

10   regulations. (See exhibit A and B).

11    21.  CTF's OP #40 for Central Facility Unlocks and Yard Cards contains supplemental

12   information and contains language for Close B Custody inmate access to the recreation yard (which

13   is within the Departmental definition of a Facility Security Perimeter) up until 2200 hours (see

14   exhibit A and C).

15   22.  CTF is not in compliance with the relevant regulations as they pertain to Close B

16   Custody inmate program assignments and activities.

17   23.  **CCR Title 15 § 3377.1 (a)(4)(B)** states in pertinent part: "Close B Custody inmates

18   shall be permitted to participate in program assignments and activities during the hours of 0600

19   hours to 2000 hours in areas located within the facility security perimeter including beyond the

20   work change area in a designated Level II, Level III, Level IV institution."  The use of the

21   mandatory language "shall" in this provision imposes a duty of all CDCR institutions to comply

22   with this regulation.  CTF does not comply with the full provisions of this regulation.

23   24.  CTF only permits Close B Custody inmate program activities on the recreation yard

24   between the hours of 0900 to 1100 hours, 1300 hours to 1500 hours. Close B Custody inmates are

25   not given access to the recreation yard beyond 1500 hours despite the applicable regulation

26   authorizing activities up to 2000 hours.

27   25.  CTF only permits Close B Custody inmates program assignments within the

28   superficially defined facility security perimeter imposed by the indicated clause in OP #34; but

4

1    some assignments located within that same security perimeter, such as the Clothing Room,

2    Laundry, and Culinary are excluded for Close B Custody assignments. This clause and the

3    application of a superficial facility security perimeter excludes Close B Custody assignments in

4    locations beyond the work change area, otherwise authorized by CDCR.

5         26. For decades, as authorized by Departmental regulations, Close B Custody inmates were

6    allowed access to limited activities within the designated housing unit after 2000 hours.

7         27. On December 23, 2002, the CTF Administration issued a memorandum revoking Close

8    B Custody programming after 2000 hours. That memorandum did not express any reason(s) or

9    legitimate penological interests to justify the removal of the authorized limited program activities.

10    As a result, Close B Custody inmates were denied participation in program activities within their

11    designated housing units (located within the facility security perimeter) from 2000 hours until the

12    general evening lock up and count. (see exhibit D)

13         28. Since December 23, 2002, CTF has not permitted Close B Custody inmates many of the

14    Departmentally authorized program activities after 2000 hours, even if those activities take place

15    within a designated housing unit, located within the facility security perimeter.

16         29. Despite CDCR's own regulations, CTF has refused to comply with the applicable

17    provisions of **CCR Title 15 § 3377.1 (a)(4)(B),** which authorize more program assignments and

18    activities for Close B Custody inmates than currently exist at CTF.

19         30. On August 31, 2006, petitioners submitted two administrative grievances on the behalf

20    of the Close B Custody inmates, based upon the failure of the prison administration to comply with

21    the regulatory provisions of **CCR Title 15 § 3377.1** relating to Close B Custody program

22    assignments and activities.

23         31. The First Appeal (CTF Appeal Log # CTF-C-06-02329 and IAB Case No. 0607538)

24    was denied through all administrative channels including the Director's Level constituting

25    exhaustion of the claims raised in the appeal. (See exhibit E - J)

26         32. The Second Appeal (CTF Appeal Log # CTF-C-06-02873 and IAB Case No. 0605652)

27    was denied through all administrative channels including the Director's Level constituting

28    exhaustion of the claims raised in the appeal. (See exhibit K - N)

33. Petitioners submitted a Petition for Writ of Habeas Corpus to the Monterey County Superior Court on April 5, 2007 raising the claims raised in the above paragraphs numbered 31 and 32.

34. The court ordered an Informal Response and Reply to the Writ on June 8, 2007. (See exhibit P)

35. Following submission of the Informal Response (see exhibit Q) and Informal Reply (see exhibit R), the court issued an order on August 30, 2007, denying the Petition For Writ of Habeas Corpus. (see exhibit S)

36. This court has jurisdiction over the claims presented, as they have been exhausted. No appeal lies from denial of a petition for writ of habeas corpus. **In re Clark (1993) 5C4th 750, 778 n7, 21 CR2d 509; In re Hochberg (1970) 2 C3d 870, 87 CR 681.**

## CONTENTIONS

1. PETITIONERS HAVE EXHAUSTED THEIR ADMINISTRATIVE REMEDIES.

2. PETITIONERS CONTEND THAT RESPONDENTS HAVE A DUTY TO FOLLOW ADMINISTRATIVE RULES AND REGULATIONS.

3. PETITIONERS CONTEND THAT THEY HAVE A RIGHT CONVEYED BY THE REGULATORY AUTHORITY CODIFIED IN THE CCR, TITLE 15 TO REPRESENT THE INTEREST OF THE GENERAL POPULATION AT CTF.

4. PETITIONERS CONTEND THAT THE CALIFORNIA REGULATORY AUTHORITY PROVISIONS OF CCR TITLE 15 § 3377.1 ENTITLE CLOSE B CUSTODY INMATES TO THE FULL PROGRAM ASSIGNMENTS AND PROGRAM ACTIVITIES BETWEEN THE HOURS OF 0600 AND 2000 HOURS.

5. PETITIONERS CONTEND THAT THE CALIFORNIA REGULATORY AUTHORITY PROVISIONS OF CCR TITLE 15§ 3377.1 ENTITLE CLOSE B CUSTODY INMATES TO LIMITED ACTIVITIES AFTER 2000 HOURS   WHEN THE LIMITED ACTIVITY IS IN DESIGNATED HOUSING UNIT WITHIN THE FACILITY SECURITY PERIMETER.

6. PETITIONERS CONTEND THAT RESPONDENTS HAVE APPLIED A SELECTIVE

6

1  INTERPRETATION OF THE APPLICABLE REGULATORY AUHTORITY AND

2  HAVE REFUSED TO COMPLY WITH THE FULL PROVISIONS OF CCR TITLE 15

3  § 3377.1 AS OUTLINED THEREIN.

4  7. RESPONDENTS HAVE VIOLATED DEPARTMENTAL POLICY BY HAVING A

5  SUBORDINATE RESPOND TO THE ACTIONS OF A SUPERIOR OFFICIAL.

6  8. PETITIONERS CONTEND THAT THE SUPERIOR COURT ABUSED ITS'

7  DISCRETION AND ERRED IN DENYING THE PETITION FOR WRIT OF HABEAS

8  CORPUS.

9  **REQUEST FOR RELIEF**

10  Petitioners are without remedy, save for habeas corpus in this matter. Accordingly,

11  petitioners request that this court:

12  1. Issue and grant a writ of habeas corpus;

13  2. Issue an order to show cause;

14  3. Declare the rights of the parties;

15  4. Order the respondents to fully comply with all applicable Departmental regulations

16  pertaining to Close B Custody program activities and assignments in a designated Level II

17  Facility.

18  5. Order the respondents to implement forthwith the immediate necessary procedures to

19  initiate full access for Close B Custody inmates program assignments and activities between

20  the hours of 0600 and 2000 hours in all areas located within the facility security perimeter

21  including beyond the work change as authorized by Departmental regulation;

22  6. Order the respondent to forthwith and immediately implement the necessary procedures

23  to initiate access for Close B Custody to limited activities after 2000 hours in a designated

24  housing unit located within the facility security perimeter as defined by CDCR.

25  7. Appoint counsel or award reasonable attorney fees for representation of this case; and

26  8. Grant any and all other relief found necessary or appropriate.

27  //

28  //

7

1   Date: _10/10/07_                    /S/ _Andre' Boston_

2                                       Andre' Boston, Petitioner Pro-Se

3   Date: _10/10/07_                    /S/ _Paul Liehe_

4                                       David Rucker, Petitioner Pro-Se

5   Date: _10/10/07_                    /S/ _Robert Nydegger_

6                                       Robert Nydegger , Petitioner Pro-Se

7   Date: _10/10/07_                    /S/ _Adam Vasquez_

8                                       Adam Vasquez, Petitioner Pro-Se

9   Date: _10/10/07_                    /S/ _Michael A. Comeaux_

10                                      Michael Comeaux, Petitioner Pro-Se

11  Date: _10/10/07_                    /S/ _David Moreno_

12                                      David Moreno, Petitioner Pro-Se

13  Date: _10/10/07_                    /S/ _Craig Gerstner_

14                                      Craig Gerstner, Petitioner Pro-Se

15                            **CONCLUSION**

16  For the reasons stated above, petitioners are entitled to a declaration of their rights and are entitled

17  to all program assignments and activities designated by the provisions outlined in **CCR Title 15**

18  § 3377.1 (a)(4)(B).

19  Date: _10/10/07_                    /S/ _Andre' Boston_

20                                      Andre' Boston, Petitioner Pro-Se

21  Date: _10/10/07_                    /S/ _David Rucker_

22                                      David Rucker, Petitioner Pro-Se

23  Date: _10/10/07_                    /S/ _Robert Nydegger_

24                                      Robert Nydegger , Petitioner Pro-Se

25  Date: _10/10/07_                    /S/ _Adam Vasquez_

26                                      Adam Vasquez, Petitioner Pro-Se

27  Date: _10/10/07_                    /S/ _Michael A. Comeaux_

28                                      Michael Comeaux, Petitioner Pro-Se

                                8

Date: _10/10/07_                          /S/ _____

                                          David Moreno , Petitioner Pro-Se

Date: _10/10/07_                          /S/ _____

                                          Craig Gerstner, Petitioner Pro-Se

## VERIFICATION

I do hereby declare by my signature below that I am one of the petitioners in this action. I have read the foregoing Petition For Writ of Habeas Corpus and the facts stated therein are true of my own knowledge, except as to matters that are stated on my own information and belief, and as to matters I believe them to be true. I declare under the penalty of perjury that the foregoing is true and correct and that this verification was executed on the indicated date at the Correctional Training Facility, Soledad, California.

Date: _10/10/07_                          /S/ _____

                                          Andre' Boston, Petitioner Pro-Se

Date: _10/10/07_                          /S/ _____

                                          David Rucker, Petitioner Pro-Se

Date: _10/10/07_                          /S/ _____

                                          Robert Nydegger , Petitioner Pro-Se

Date: _10/10/07_                          /S/ _____

                                          Adam Vasquez, Petitioner Pro-Se

Date: _10/10/07_                          /S/ _____

                                          Michael Comeaux, Petitioner Pro-Se

Date: _10/10/07_                          /S/ _____

                                          David Moreno , Petitioner Pro-Se

Date: _10/10/07_                          /S/ _____

                                          Craig Gerstner, Petitioner Pro-Se

//

//

//

9

# MEMORANDUM OF POINTS AND AUTHORITIES

## IN SUPPORT OF THE PETITION FOR WRIT OF HABEAS CORPUS

### CONTENTION I.

### PETITIONERS HAVE EXHAUSTED THEIR ADMINISTRATIVE REMEDIES

A state court petition for writ of habeas corpus, commonly filed by prisoners to obtain judicial review of conditions of confinement, generally will not be considered unless the prisoner has completed the administrative appeal. **In re Strick (1983) 148 Cal.App.3d 906, 911 [196 Cal. Rtpr. 293]; In re Dexter (1979) 25 Cal.3d 921, 925 [160 Cal. Rptr. 118]; In re Muszalski (1975) 52 Cal. App.3d 500, 503 [125 Cal. Rptr. 286]**

Petitioners contend that they have exhausted their administrative remedies through CDCR as required by procedure and law.

### APPEAL ONE

Petitioners initially submitted their inmate appeal/grievance form (CTF Appeal Log # CTF-C-06-02329) to the CTF Administration for resolution on July 21, 2006. Due to the nature of the issue(s) raised in the appeal, and regulatory provisions, the appeal was bypassed to the first level review on that same day. (See exhibit E)

On September 25, 2006 , the appeal was responded to at the First Level by Correctional Lieutenant R. Lynch. The appeal decision at this level was "denied". (see exhibit F)

On October 13, 2006, in view of several reasons, which included violation of Department policy and fundamental conflict of interest created by a subordinate responding to an appeal for the actions of superior, petitioners requested a second level review of their appeal. (see exhibit G)

On November 28, 2006, the appeal was responded to a second formal level by C. Noll, acting Associate Warden for Central Facility and approved by P. Barker, the acting Warden. The appeal decision was "denied". (see exhibit H )

On December 22, 2006, in view of several reasons, including the violation of departmental policy, petitioners requested a Director's level (Departmental) review of their appeal.

The purpose of this request was based upon numerous issues that arose regarding the appeal decision issued at the second level, which lacked clarification or explanation. (see exhibit I )

10

1    On March 16, 2007, a Director's Level Appeal Decision (IAB Case No. 0607538) was

2    issued by N. Grannis, Chief, Inmate Appeals Branch. The appeal decision was "denied." The

3    appeal response indicated that the decision exhausts the administrative remedy available to

4    appellants within CDCR. (see exhibit J)

### APPEAL TWO

6    Petitioners submitted their inmate appeal/grievance form (CTF Appeal Log # CTF-C-06-

7    02873) to the CTF Administration for resolution on August 31, 2006. Due to the nature of the

8    issue(s) raised in the appeal and regulatory provisions, the appeal was bypassed to the second level

9    review on September 30, 2006. (see exhibit K)

10    On October 19, 2006, the appeal was responded to at the second level by J. Sisk, acting

11    Associate Warden and approved by P. Barker, acting Warden. The appeal was "denied". (see

12    exhibit L )

13    On November 9, 2006, in view of several reasons, including the violation of Department

14    policy, petitioners requested a Director's Level (Departmental ) review their appeal. The purpose of

15    this request was based upon numerous issues that arose regarding the appeal decision issued at the

16    second level, which lacked clarification or explanation. (see exhibit M)

17    On January 23, 2007, a Director's Level Appeal Decision (IAB Case. No. 0605652) was

18    issued by N. Grannis, Chief, Inmate Appeals Branch. The appeal decision was "denied". The

19    appeal response indicated that the decision exhausts the administrative remedy available to

20    appellants within the CDCR. (see exhibit N)

21    There are no other speedy, plain or adequate remedies at law available to petitioners in this

22    matter.

23    Based upon the foregoing, petitioners have fully exhausted the available administrative

24    remedies and the claims presented are ripe for this court's jurisdiction.

25    A prisoner may bring a petition for writ of habeas corpus to ask a court to declare and

26    enforce rights regarding prison or parole. A petition may be in constitutional, statutory, or

27    administrative laws. **In Re Harrel** (1970) 2 Cal.3d 675 [87 Cal. Rptr. 504]; **In re Davis** (1979)25

28    **Cal.3d 384 [159 Cal. Rptr. 384].**

11

1

2

3

### CONTENTION II.

## PETITIONERS ASSERT THAT RESPONDENT HAVE A DUTY TO FOLLOW
## ADMINISTRATIVE RULES AND REGULATIONS

4    Petitioners contend that respondents have a duty to follow administrative rules and

5    regulations. Petitioners base their contention on the following points and authorities.

6    Petitioners contend that all CDCR "regulations, as that word is defined by statue in the

7    indicated Government Code must be created and approved in accord with the requirements of the

8    State Administrative Procedures Act (APA)".

9    "Regulation" is defined as every rule, regulation, order or standard of general application

10    adopted by any agency to implement, interpret or make specific the law enforced or

11    administered by the agency, or to govern its procedure". **Government Code § 11342 (g).**

12    A regulation cannot be enforced unless the agency that created it has complied with the APA.

13    (see **Government Code § 11342.1**); see also **Union of American Physician and Dentist V.**

14    **Kizer (1990) 223 Cal. App.3d 490[272 Cal. Rptr. 886] Tooma V. Rowland (Tuolumne**

15    **County Superior Court Feb. 6, 1991), case no 32735** Order Granting Writ Of Mandate

16    (ordering CDC to ~~cease~~ enforcing D. O.M. § 54020 until enacted in compliance with the

17    APA).

18    "It is well established that an administrative regulation has the force of law and is binding on

19    the issuing agency." **United States v. Nixon**(1974) 418 U.S. 683, 695-696 [94 S. Ct. 3090;

20    **41 L.Ed.2d. 1039]; Atkins v. Rivera (1986) 477 U.S. 154 [106 S. Ct. 2456; 91 L.Ed.2d**

21    **131]; Agricultural Labor Relations Board v. Superior Court (1976) 16 Cal. 3d 392, 401**

22    **[128 Cal. Rptr. 183]**

23    Petitioners further contend that California courts have ordered the CDCR to comply with its

24    rules, even when CDCR preferred not to because of the benefit resulting to prisoners.

25    In the case of **In Re Reina (1985) 171 Cal. App.3d 638 [217 Cal. Rptr. 535]** the court

26    ordered the CDC to follow it's own rules and regulations and award worktime credits to prisoners

27    unable to work due to a non-adverse transfer.

28    //

1                                    CONTENTION III

2       **PETITIONERS CONTEND THAT THEY HAVE A RIGHT CONVEYED BY THE**

3     **CALIFORNIA REGULATORY AUTHORITY CODIFIED IN CCR , TITLE 15 § 3230 TO**

4              **REPRESENT THE INTERESTS OF THE GENERAL POPULATION AT CTF.**

5              Petitioners contend that pursuant to the provisions of the **CCR Title 15 § 3230** they have

6     and maintain the departmental right as outlined by regulation to represent the interests of the general

7     population at this facility.

8          **CCR, Title 15 § 3230 (a)** provides: "Each warden shall establish an inmate advisory council

9          which is representative of the facility's inmate ethnic group. At the discretion of the Warden,

10         subcommittees of the council may also be established to represent subfacilities or specialized

11         segments of the inmate population."

12         **CCR, Title 15 § 3230 (a)(1)** provides: " Council members shall serve to advise and

13         communicate with the Warden and other staff those matters of common interests and concern

14         to the inmate general population."

15         Both sections contain the mandatory language of "shall" when referring to the inmate

16     advisory council. According to Departmental standards enumerated in **CCR Title 15 § 3005** use of

17     the word "shall" is mandatory.

18         **CCR Title 15 § 3000.5 (c)** provides: "Shall" is mandatory, "should" is advisory, and "may"

19         is permissive.

20         Petitioners contend that this regulatory provision imposes a mandate upon the Department and

21     all of its facilities to establish an inmate advisory council to represent the interests of the general

22     population. Petitioners contend that this regulatory right creates a departmental mandate because

23     the Department and its facilities are duty bound to establish an inmate advisory council. Petitioners

24     are all members of the MAC, housed in CTF-Central Facility, at Soledad, California. All

25     petitioners have been duly elected as members of the Central Facility MAC Executive Body and

26     function under the authorized MAC Constitution and By-Laws as required by the Department, (see

27     exhibit O)

28         **CCR, Title 15 § 3230 (a)(2)** provides: "The council shall operate only under the constitution

                                              13

1    and by-laws prepared by the council's inmate representatives, with the advice and guidance of

2    designated staff and approved by the Warden."

3    //

4                                **CONTENTION IV**

5              **PETITIONERS CONTEND THAT THE CCR, TITLE 15 § 3377.1**

6    **ENTITLE CLOSE B CUSTODY INMATE TO THE FULL PROGRAM ASSIGNMENTS**

7      **AND ACTIVITIES BETWEEN THE HOURS OF 0600 AND 2000 HOURS AS**

8                **MANDATED IN THE REGULATORY PROVISIONS**

9          Petitioners contend that the provisions of **CCR, Title 15 § 3377.1 (a)(4)(B)** contains the

10   language for program assignments and activities which Close B Custody designated inmates are

11   entitled to between the hours of 0600 and 2000 hours.

12   This regulatory provision provides in pertinent part: " Close B Custody inmates shall be permitted

13   to participate in program assignments and activities during the hours of 0600 to 2000 hours in areas

14   located within the facility security perimeter including beyond the work change area in a designated

15   level II, Level III, or Level IV institution." **CCR, Title 15 § 3377.1 (a)(4)(B)**

16         Petitioners contend that **CCR Title 15 § 3000** provides the Departmental definition for the

17   regulations found in the CCR.  Under the definitions the Department has clearly outlined their

18   definition of a designated Level II housing facility.  This definition is as follows:

19         "Designated Level II Housing means a housing facility encompassed by a facility security

20         perimeter and constructed to provide celled housing for inmates with Level II classification

21         scores." **CCR Title 15 § 3000.**

22         Petitioners contends that **CCR Title 15 § 3377.1 (a)(4)(A)** provides the Departmental

23   guidelines for housing of Close B Custody inmates and states: "(A) Housing shall be in cells within

24   designated institution in housing units located within an established facility security perimeter."

25         The Departmental definition of " facility security perimeter" pursuant <u>to CCR, Title 15</u>

26   <u>§ 3000</u> is as follows: " facility Security Perimeter is any combination of living unit, work area and

27   recreation area perimeters that is set aside to routinely restrict inmate movement based on custody

28   level. This perimeter will contract and expend depending upon the weather, lighting conditions and

                                        14

1  hours of operation.

2       Petitioners contend that CTF-Central Facility is a Designated Level II Housing facility with

3  a facility security perimeter, which houses inmates who have Level II classification scores. This

4  populace also includes Close B Custody inmates who have classification scores consistent with

5  Designated Level II Housing.

6       Petitioners contend that Departmental guidelines outline the program assignments and

7  activities that the Close B Custody segment of the populace are entitled to. Within the applicable

8  provision of the regulation, the Department has inserted the terminology utilizing the word "shall"

9  regarding program assignments and activities between 0600 and 2000 hours. The terminology of

10  "shall" is mandatory pursuant to Departmental regulations.

11       Petitioners contend that the Rules of construction in the **CCR, Title 15 § 3000.5** provides in

12  pertinent part: "Shall is mandatory, "should" is advisory and "may" is permissive.

13       Use of the terminology "shall" in **CCR, Title 15 § 3377.1 (a)(4)(B)** when referring to

14  program assignments and activities during the hours of 0600 hours and 2000 hours in areas located

15  within the facility security **perimeter including beyond the work change area in a designated**

16  **Level II institution** imposes upon the Department and all institutions the mandatory requirement of

17  providing **"full"** access to assignments and activities between the hours of 0600 and 2000.

18       Petitioners contend that they clearly have an entitlement to "program assignments and

19  activities" between the hours of 0600 and 2000 hours including beyond the work change area.

20  //

21                              **CONTENTION V.**

22  **PETITIONERS CONTEND THAT THE CCR TITLE 15 § 3377.1 ENTITLES CLOSE B**

23  **CUSTODY INMATES TO LIMITED ACTIVITIES IN A DESIGNATED HOUSING UNIT**

24          **LOCATED WITHIN THE FACILITY SECURITY PERIMETER**

25       Petitioners contend that they have an entitlement to limited dayroom/tier activities after

26  2000 hours **"WHEN"** this activity is in a designated housing unit located within the facility security

27  perimeter.

28       Petitioners base their contention on the fact that the regulatory authority already provides the

15

1  language which allows Close B Custody participation in work program assignments until 2200

2  hours, when the work program is in an assigned housing unit. Clearly, the legislative spirit and

3  intent in implementing this regulation was not intended to prohibit Close B Custody designated

4  inmates from participating in "ALL" program and activities after 2000 hours, but merely to curtail

5  the "FULL" access afforded between the hours of 0600 hours to 2000 hours. It is equally clear that

6  legislative spirit and intent of the regulation was meant to restrict Close B Custody inmate program

7  assignments and activities after 2000 hours to "within a designated housing unit within the facility

8  security perimeter."

9    CCR, Title 15 § 3377.1 (A)(4)(B) provides in pertinent part: "Close B Custody inmates shall

10    be permitted to participate in program assignments until 2200 hours when the work  program

11    is in an assigned housing unit located within the facility security perimeter. Close B Custody

12    inmates may participate in limited evening activities after 2000 until the general evening lock

13    and count when the limited activity is in a designated housing unit located within the facility

14    security perimeter."

15  Petitioners contend that the language of the above CCR Section is clear in that, limited

16  activity after 2000 hours, until the general evening lockup and count is permitted for Close B

17  Custody inmates when that activity is in a designated housing unit within the facility security

18  perimeter.

19  //

20  ### CONTENTION VI.

21  ## PETITIONERS CONTEND THAT RESPONDENTS HAVE APPLIED A

22  ## SELECTIVE INTERPRETATION OF APPLICABLE REGULATORY AUTHORITY AND

23  ## HAVE REFUSED TO COMPLY WITH THE FULL PROVISION OF CCR , TITLE  15 §

24  ## 3377.1, AS OUTLINED THEREIN

25  Petitioners contend that in this case the respondent have elected to apply a selective

26  interpretation of applicable regulatory authority and refused to comply with the applicable

27  provisions of **CCR, Title § 3377.1.**

28  Petitioners contend that the respondents have utilized the language placed in a local

procedure as a basis to apply selective interpretation of the applicable regulatory authority. CTF

Operations Procedure #34 deals with Close B Custody program assignments and activities. (see

exhibit B)

Petitioners contend that while most of the language in this local procedure under the topic of

"Close Custody Program/Work Assignments" bears a resemblance to the language in the applicable

regulatory authority, respondents have inserted a clause that implements an arbitrary "local facility

security perimeter" for Close B Custody assignments and activities to allow for selective application

of Departmental regulations. The clause of the local Operations Procedure that contradict

regulatory authority and definition, state in pertinent part: "Close B Custody, Level II inmates shall

be permitted to participate in program assignments and activities, i.e.- Alcoholic Anonymous and

Narcotics Anonymous, during the hours 0600 and 2000 hours in areas located within the **Central**

**Facility Security Perimeter (West Gate to East Gate)."** Petitioners contend that the language of

the preceding sentence (highlighted in bold) creates and imposes an arbitrary "facility security

perimeter" that contradicts the applicable regulatory authority. The Departmental definition of a

"facility security perimeter" has already been defined by regulation and any selective interpretation

of this definition violates the very essence of the regulation. If the Department wanted to make

specific accommodations beyond those already stated in the CCR, multiple changes to the

Director's Rules over the past two years which specifically address Closed Custody programs

provided more than ample opportunity for the Department to implement changes. However, the

latest revisions of CCR sections impacting Close Custody programming and activities issued in July

2006, did not reflect any changes. The Department's position remains unchanged and is clear in

this matter. (see exhibit A)

**CCR, Title 15 § 3000** provides the following relevant definitions: "**Facility Security**

**Perimeter** is any combination of living unit, work area and recreation perimeters that is set

aside to routinely restrict inmate movement based on custody level. This perimeter will

contract and expand depending upon the weather, lighting condition and hours of operation.

Petitioners contend that by Departmental definition, the "Facility Security Perimeter"

is **"INCLUSIVE"** of the recreation area not **"EXCLUSIVE"** of it. Quite to the contrary, the local

17

1    provisions have made the recreation yard and all areas beyond the East Gate and West Gate

2    "**EXCLUSIVE**" in context. The local interpretation and selective compliance with the

3    Departmental definition is contrary to the applicable regulatory authority. If taken and applied

4    literally, the local provision would prohibit Close B Custody inmate from ever having access to the

5    recreation yard because this area is not within the "**WEST GATE TO EAST GATE**" (the locally

6    defined facility security perimeter).

7        Petitioners contend that Departmental Policy as defined in the **DOM** precludes and

8    specifically prohibits supplements (OP's) from creating new policy or regulations.

9    Furthermore, petitioners contend that **DOM § 51020.1** states in pertinent part: "Supplements shall:

10   ... not duplicate or contradict DOM provisions."

11       Petitioners contend that based upon the respondents' selective interpretation and compliance

12   with the applicable regulatory authority, CTF Close B Custody inmates are only being allowed

13   partial access to the recreation yard between the hours of 0900 to 1100 and 1300 to 1500 hours.

14   Petitioners further contend that Close B Custody inmate are not being allowed program assignments

15   in areas beyond the work change area (and in some cases to areas **within** CTF's defined facility

16   security perimeter, i.e. Culinary, Clothing Room, etc.) Petitioners additionally contend that CTF

17   Close B Custody inmates are being provided only limited evening activities within the housing unit

18   (which is clearly located within CTF's defined facility security perimeter) between the hours of

19   1830 and 1945 hours. This despite regulatory language, which authorizes limited activity until

20   general evening lock up at 2100 hours. Petitioners would contend that prior to December 22, 2002,

21   respondents were in correct, but partial compliance with the applicable regulations by allowing

22   limited activities in the  designated housing unit located within the facility security perimeter after

23   2000 hours until general evening lock up and count. However, on December 23, 2002 for no

24   apparent reason and without any cited legitimate penological interest the respondents revoked the

25   opportunity for even this limited form of evening program activity. (see exhibit  D)

26       Petitioners contend that in the administrative appeal process the respondents failed to

27   address why Close B Custody inmates are not permitted the full program activities such as access to

28   the recreation yard area and assignments between the hours of 0600 and 2000 hours or in areas

18

1    beyond the work change area and are not provided access to limited activities after 2000 hours in

2    designated housing units located within the facility security perimeter. The respondents advanced

3    a myriad of reasons in an attempt to excuse and/or exempt their compliance with the applicable

4    regulatory authority for Close B. Custody program assignments and activities. Petitioners contend

5    that the refusal to comply with the applicable regulatory authority is in fact a violation of the

6    regulation , and there is no excuse that can exempt or excuse respondents from compliance with

7    regulatory law or Departmental policy.

8        To draw attention to the issue of compliance with regulations, petitioners attached a copy of

9    an informational bulletin to their initial appeal submission, which had been issued from the Inmate

10   Appeals Branch in CDCR Headquarters to all institutions. That bulletin addressed CDCR's internal

11   view of the inappropriateness of denying Close B Custody Program Access. (see exhibit E) This

12   bulletin reflected that a court had made the determination an institution **could not** have a reasonable

13   interest that contravenes the regulations under which they operate. The reported circumstances in

14   this bulletin mirror this instant case situation. Yet, the respondents attempted to downplay the

15   significance of this document in their second level appeal response as "informational" because it

16   was not a regulatory publication.

17       Assuming arguendo, the respondents position about the bulletin being informational in

18   nature, petitioners contend that the regulations, which govern Close B Custody program

19   assignments and activities are not "informational" and since an institution **could not** have a

20   reasonable interest that contravenes the regulations under which it operates, respondents **must** fully

21   comply with all applicable regulations.

22       Petitioners contend that the respondents lack of compliance with the applicable regulations

23   violate the provisions contained therein.

24   //

25   //

26   //

27   //

28   //

19

# CONTENTION VII.

## RESPONDENTS HAVE VIOLATED DEPARTMENTAL
## POLICY BY HAVING A SUBORDINATE RESPOND TO THE ACTION
## OF A SUPERIOR OFFICIAL

Petitioners contend in  the first level review in the administrative appeal process, the respondents violated Departmental  policy by having a subordinate staff member respond on behalf of the actions of a superior official.

**C.C.R. Title 15 § 3084.5 (e)** states in pertinent part:

(e) Appeal Review.  Formal appeals shall not be reviewed by a staff person who participated in the event or decision being appealed or who is of lower administrative rank than any participating staff..."

Petitioners initially submitted their inmate appeal/grievance form (CTF Appeal Log #CTF-C-06-02329) to the CTF Administration for resolution on July 21, 2006.  Due to the nature of the issue(s) raised in the appeal and regulatory provisions, the appeal was bypassed to the first level review on that same day. (see exhibit E)

On September 25, 206, the appeal was responded to at this level by Correctional Lieutenant R. Lynch.  The appeal decision at this level was "denied".  (see exhibit F)

Petitioners contend that this was inappropriate for the following reasons.  Operations Procedures are signed by the Warden when implemented and constitute institutional policy decisions and directives that are not subject to review or commentary by his subordinate staff.  The responder at the first level of administrative appeal was Lieutenant R. Lynch and because this staff member is a subordinate of the Warden who authorized provisions of OP # 34, this staff member could not appropriately review the Warden's decision or respond in a matter that is the responsibility of the Warden who implemented the OP as the institutional head.  At no administrative level have the respondents ever sought to address this violation of Departmental policy despite it being raised in the claims presented for review.

Petitioners contend that respondents have violated Departmental policy by the above actions.

20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONTENTION VIII.**

**PETITIONERS CONTEND THAT THE SUPERIOR COURT ABUSED ITS DISCRETION AND ERRED**

**IN DENYING THE PETITION FOR WRIT OF HABEAS CORPUS**

Petitioners contend that the Superior Court abused its discretion and erred in denying the Petition for Writ of Habeas Corpus in its order, dated August 30, 2007. (See **Exhibit S**) Petitioners base their contention on the failure of the Superior Court to address several of Petitioners' contentions which were central, integral and relevant to other claims. Petitioners' positions are addressed herein.

Concerning **Contention II** - Central to Petitioners' Contention II was the representation that fully established case authority based on decisions in various courts have supported Petitioners' contention that Respondents have a duty to follow the administrative rules and regulations of the CDCR. The case citations were provided in the body of the contention and were referred to throughout the Petition and in our Informal Reply to Respondents' assertions before the court. This contention is germane to determining the merit of several other contentions raised in the Petition. If the Superior court had addressed the crux of this issue, it would have had to determine whether or not the Respondents have a duty to follow established rules and regulations. By failing to address this contention, the court essentially erred in finding that CTF prison officials may properly restrict Close B Custody inmates from participating in program assignments and activities based on the limited resources and unsubstantiated security concerns represented by the Respondents. Furthermore, Petitioners contend that because Respondents' actions in this matter are contrary to duly enacted and fully established administrative regulations, which have the force of law that is binding upon the issuing agency, they have violated the law. (See **Contention II**

21

1   of this Petition for relevant case authorities cited on this point.)  By

2   not addressing this contention, the Superior Court failed to decide the

3   merits of this contention and Respondents' requirement to follow the

4   administrative rules and regulations established in CCR, Title 15.

5        Concerning **Contention III** - Petitioners' Contention III is that they

6   have a right, codified in CCR, Title 15, § 3230, to represent the interest

7   of the general population.  Petitioners contend that the Superior Court

8   committed an error by not addressing the merit of this issue.  Positions

9   adopted by the Respondents challenge the right of the MAC to continue to

10  represent the interests of the general population, extending to the filing

11  of litigation in the courts following the exhaustion of administrative

12  remedy.  CDCR administrative regulations and policy outlined in the DOM

13  clearly support an expectation to pursue interest(s) raised in the course

14  of the MAC's authorized activities to represent the population to their

15  legal terminus in the courts. Any reasonable interpretation of the

16  legislative intent of duly enacted regulation could logically conclude

17  that the role of the MAC (prisoners representing prisoners) would not be

18  limited to or expire with administrative remedy.  If that were the case,

19  as Petitioners have represented in their writ, CTF could simply engage the

20  MAC and any other prisoner(s) in meaningless dialogue, while continuing to

21  violate prisoners' rights, without ever being held accountable for their

22  actions.  The contention raised by the Petitioners before the Superior

23  Court is a valid issue, which was presented as a contention for the court

24  to determine and address. By failing to address this contention,

25  Petitioners may be justified to assume the court's acquiescence by

26  accepting and advancing their Petition.  In the absence of a determination

27  of the merit of Petitioners' contention, Respondents are free to continue

28  to contest and obstruct Petitioners' access to the courts and ability to

22

1    advance the interests of the general population beyond simple
2    administrative relief.

3    Concerning **Contention IV** - Petitioners' Contention IV was that CCR,
4    Title 15, § 3377.1(a)(4)(B) establishes Close B Custody inmates'
5    entitlement to full program assignments and activities between the hours
6    of 0600 and 2000 hours, as mandated in the regulatory provisions.
7    Petitioners' main focus was that the regulations contain mandatory
8    terminology, requiring **"full"** (emphasis added) compliance with the
9    regulation.  Respondents have contended throughout their arguments that
10   compliance with regulations is optional and not mandatory for Close B
11   Custody program assignments and activities between 0600 and 2000 hours.
12   Contrary to the position advanced in Respondents' arguments and perhaps in
13   recognition of the preponderant lack of compliance throughout the
14   department, CDCR has found it necessary to enact still another regulatory
15   change to bring institutions into compliance with the law.  In Notice of
16   Change to the Director's Rules (NCDR) #07/09, CDCR has proposed
17   replacement of the word "may" with the word "shall," in any case where the
18   staff and inmates' adherence to a rule is mandatory rather than
19   optional. (See **Exhibit T**)  With the added emphasis of the department's own
20   directive contained in their proposed regulatory change, Petitioners'
21   contention is fully supported.  CCR, Title 15, § 3377.1 already contains
22   the word "shall" regarding program assignments and activities between the
23   hours of 0600 and 2000 hours.  This terminology mandates compliance.  By
24   not addressing this contention, the Superior Court failed to address the
25   merits of this contention.

26   Concerning **Contention V** - Petitioners' Contention V is that CCR,
27   Title 15, § 3377.1 entitles Close B Custody inmates to limited evening
28   activities in a designated housing unit located within the facility

23

1  security perimeter.  In its order denying the Petition, the Superior Court
2  did not address the regulatory provisions of this applicable section of
3  the CCR that clearly defines "when" and "where" limited evening activities
4  will be permitted.  The word "when" and "where" establish the regulatory
5  limitation and any prohibitory clauses that could be applied to when and
6  where the evening activities for Close B Custody inmates can occur.  The
7  Superior Court committed error by not addressing this component of
8  Petitioners' contention.  By not addressing this component of the
9  contention, the Superior Court failed to address the merits of
10 Petitioners' contention on this point.

11      Concerning **Contention VII** - Petitioners presented in Contention VII
12 that Respondents have violated departmental policy by having a subordinate
13 respond to the actions of a superior official.  In its order denying the
14 Petition, the Superior Court attempted to render this issue moot by
15 indicating that the Petitioners had failed to show prejudice because the
16 appeal was ultimately reviewed at the highest level of review.  This
17 contention is again germane to the central issue of the contention that
18 respondents have a duty to follow administrative rules and regulations.
19 The language of CCR, Title 15 § 3084.5(e) is clear and unambiguous.  The
20 regulation contains mandatory terminology requiring full compliance within
21 the department.  Allowing CTF to choose when or at what level or to what
22 degree they will comply with a regulation, defies the legislative intent,
23 as well as the procedural and due process protection Petitioners should be
24 afforded in administrative review and request for remedy.  The long
25 established concept of "fruit of poisoned tree" impacts Petitioners good
26 faith efforts to utilize a departmentally established process to grieve
27 and seek remedy on the behalf of the general population.  If CTF prison
28 officials are allowed to delay and obstruct the review of any issue by

24

1   first allowing subordinates to review and attempt to justify superior

2   officials' actions, they are demonstrating a deliberate indifference to

3   compliance with departmental rules and regulations, thwarting the very

4   intent that those rules and regulations were founded upon.  By failing to

5   address this contention, the Superior Court leaves CTF officials free to

6   continue to ignore any regulations enacted through an appropriate

7   legislative entity, delaying access to appropriate remedy, ignoring the

8   law and clearly prejudices Petitioners' rights.  The Superior Court failed

9   in its responsibility to address the merits of this contention.

### CONCLUSION

11   For the reasons stated above, Petitioners are entitled to a

12   declaration of their rights and are entitled to the full program

13   assignments and activities for Close B Custody inmates designated by the

14   provisions outlined in CCR, Title 15, § 3377.1(a)(4)(B).

15   //

16   Date: 10/10/07        /S/ _____
                               Andre' Boston, Petitioner Pro-Se

17   Date: 10/10/07        /S/ _____
                               David Rucker, Petitioner Pro-Se

19   Date: 10/10/07        /S/ _____
                               Robert Nydegger, Petitioner Pro-Se

20   Date: 10/10/07        /S/ _____
21                             Adam Vasquez, Petitioner Pro-Se

22   Date: 10/10/07        /S/ _____
                               Michael Comeaux, Petitioner Pro-Se

23   Date: 10/10/07        /S/ _____
24                             David Moreno, Petitioner Pro-Se

25   Date: 10/10/07        /S/ _____
                               Craig Gerstner, Petitioner Pro-Se