IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RUCKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BEN CURRY, Warden, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | No. C 08-2933 JSW (PR) <br><br> **ORDER OF SERVICE AND PARTIAL DISMISSAL** <br><br> (Docket No. 4) |

Plaintiff, a prisoner of the State of California incarcerated at the Correctional Training Facility ("CTF") in Soledad, California, filed this civil rights complaint under 42 U.S.C. § 1983 regarding the denial of rights provided under certain California regulations to Close B Custody inmates by prison officials at CTF. In this order the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and orders service of certain claims in the complaint on Defendants.

**STATEMENT OF FACTS**

Plaintiff asserts due process and equal protection claims on behalf of himself and six other inmates at CTF, members of the Men's Advisory Council Executive Body for CTF-Central Facility. According to the complaint and documents submitted therewith, prison officials at CTF have denied prisoners who meet the custody classification of Close B Custody inmates from full access to the recreation yard, and not being allowed full access to program assignments that are allowed at all other designated level two facilities in CDCR. Although Plaintiff's complaint generally presents state law claims,

he has also alleged that the failure of the CTF administration to provide access to certain things specified under CDCR regulations violates his due process and equal protection rights, because these privileges are being provided to other CDCR Close B Custody inmates.

**DISCUSSION**

I     <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II     <u>Legal Claims</u>

In this case, Plaintiff alleges multiple constitutional claims on behalf of himself and a class of inmates who comprise the Men's Advisory Counsel at CTF. However, Plaintiff cannot represent others in this action. The right to proceed pro se in civil actions in the federal courts is guaranteed by 28 U.S.C. § 1654 and derives directly from the Judiciary Act of 1789. *See Iannaccone v. Law*, 142 F.3d 553, 556 (2d Cir. 1998). "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Although the right to self-

2

1  representation in civil cases does not enjoy the constitutional protection afforded to the
2  right of self-representation in criminal cases, *see Faretta v. California*, 422 U.S. 806
3  (1975), "it is a right of high standing, not simply a practice to be honored or dishonored
4  by a court depending on its assessment of the desiderata of a particular case." *O'Reilly v.*
5  *New York Times Co.*, 692 F.2d 863, 867 (2d Cir. 1982) (Friendly, J.).  However, because
6  pro se means to appear for one's self, a person may not appear on another person's behalf
7  in the other's cause.  A person must be litigating an interest personal to him.  *See*
8  *Iannaccone*, 142 F.3d at 558.  Therefore, Plaintiff cannot represent the other members of
9  MAC in this action.  The claims asserted on their behalf are DISMISSED and they are
10 TERMINATED as Plaintiffs in this action.

11 With regard to the due process challenge alleged by Plaintiff, changes in prison
12 conditions so severe as to affect the sentence imposed in an unexpected manner
13 implicate the Due Process Clause itself, whether or not they are authorized by state law.
14 *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Deprivations authorized by state law
15 that are less severe or more closely related to the expected terms of confinement may
16 also amount to deprivations of a procedurally protected liberty interest, provided that (1)
17 state statutes or regulations narrowly restrict the power of prison officials to impose the
18 deprivation, i.e. give the inmate a kind of right to avoid it, and (2) the liberty in question
19 is one of "real substance."  *See id.* at 477-87.

20 Because California has created regulations from which a protected interest could
21 arise, a court must therefore ask whether the regulations creating the rights Plaintiff
22 asserts here narrowly restrict the power of prison officials to deny inmates visitation, and
23 whether the deprivation suffered is one of "real substance."  *See Sandin*, 515 U.S. at 477-
24 87. "Real substance" will generally be limited to freedom from (1) restraint that imposes
25 "atypical and significant hardship on the inmate in relation to the ordinary incidents of
26 prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a]

sentence," *id.* at 487. The Ninth Circuit has suggested that conditions of confinement which violate the Eighth Amendment constitute "atypical and significant hardship." *See Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). However, the *Sandin* test is not synonymous with an Eighth Amendment violation: "[w]hat less egregious condition or combination of conditions or factors would meet the test requires case by case, fact by fact consideration." *Id. Sandin* requires a factual comparison between conditions in the plaintiff's former status and his new status, examining the hardship caused by the challenged action in relation to the basic conditions of life as a prisoner. *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). The conditions that Plaintiff has alleged here, specifically, not having access to certain areas of the prison and programming activities at certain hours, do not constitute the type of "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" contemplated by *Sandin*. Therefore, Plaintiff's complaint fails to state a due process claim for relief and is DISMISSED.

With regard to his equal protection claims "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Plaintiff claims that the "CTF Close B Custody inmates are not being allowed full access to programming that other Close B Custody inmates in CDCR are receiving" states a claim for relief. Therefore, this claim will be served.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's due process claims against Defendants are DISMISSED. The complaint states a cognizable equal protection claim against Defendants Ben Curry,

4

Warden; Colleen Noll, Chief Deputy Warden; Pat Barker, former Chief Deputy Warden, J. Sisk, former Associate Warden, all of the Correctional Training Facility and Anthony Kane, Associate Director of the California Department of Corrections.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto, and a copy of this order upon: **Defendants Ben Curry, Warden; Colleen Noll, Chief Deputy Warden; Pat Barker, Former Chief Deputy Warden, J. Sisk, former Associate Warden at the Correctional Training Facility in Soledad, California and against Defendant Anthony Kane at the California Department of Corrections and Rehabilitation in Sacramento, California.**  The Clerk shall also serve a copy of this order on Plaintiff.

  2.  In order to expedite the resolution of this case, the Court orders as follows:

    a.  No later than **sixty (60) days** from the date of this order, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on the Plaintiff.

    b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.  The following notice is for the benefit of all pro se litigants:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for

5

> summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

   c. Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

     5. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

     6. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and Defendant or Defendant's counsel informed of any change of address by filing and serving a separate paper entitled "Notice of Change of Address" and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     IT IS SO ORDERED.

DATED:  February 17, 2009

                         */s/ Jeffrey S. White*
                         JEFFREY S. WHITE
                         United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID RUCKER,

        Plaintiff,

  v.

BEN CURRY et al,

        Defendant.

Case Number: CV08-02933 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 17, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Rucker
P29892
P.O. Box 689
Soledad, CA 93960

Dated: February 17, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk